# United States Bankruptcy Court
### WESTERN DISTRICT OF NORTH CAROLINA

In re:  Angel Daniel Siler                                           Case No.  09-33227
       SS# xxx-xx-4081

**Debtor**                                                                  Chapter 7

### DEBTOR'S RESPONSE TO MOTION TO DISMISS

The above-captioned Debtor, by and through the undersigned attorney of record, hereby responds to the United States Bankruptcy Administrator for the Western District of North Carolina's Motion to Dismiss the Debtor's Chapter 7 Bankruptcy Case pursuant to 11 U.S.C. §707(b) as follows:

1.  On November 20, 2009, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the US Code.

2.  On December 7, 2009, the said Bankruptcy Administrator filed a Statement of Presumed Abuse and on December 22, 2009, filed its Motion to Dismiss.

3.  The Bankruptcy Administrator's Motion correctly states that Debtor's Schedule I indicates a monthly gross income of $4,887.90 and a net income of $3,140.58.  The Motion further correctly states that the Petition indicates unsecured nonpriority debts of $56,214.26 and that line 51 of Form 22A indicates a total disposable 60-month income of $22,971.00.  Line 50 of Debtor's Form 22A indicates a monthly disposable income of $382.85.

4.  The Bankruptcy Administrator objects to Debtor's Chapter 7 filing due to the presumed abuse as indicated in Form 22A of the Petition and due to a totality of the circumstances under 11 U.S.C. §707(b)(3)(B) as a result of payroll deductions listed in Schedule I that include retirement deductions in the amount of $342.16 per month and life insurance deductions in the amount of $20.68 per month.

5.  Debtor also listed "special circumstance" deductions for her monthly non-dischargeable student loan payment ($140.92) and her monthly retirement contributions ($342.16) on line 56 of Form 22A for a total special circumstance deduction of $483.08.  These deductions are <u>not</u> included in the line 50 and 51 totals.

6.  Without the line 56 deductions, Debtor fails the means test or triggers the presumption of abuse by $200.35 per month.  Allowing all line 56 deductions will enable Debtor to refute the presumption of abuse by $282.73 per month (negative DMI).  Allowing the student loan special circumstance deduction but not the retirement contribution will not

allow the Debtor to refute the Form 22A presumption of abuse ($59.43 over) and but will result in a negative DMI if the case converts to a Chapter 13, where ERISA qualified retirement contributions are authorized directly by the Bankruptcy Code.

7. An examination of the totality of the circumstances of this case reflects that the Debtor did not change her income or expenses prior to filing her petition and that she lives very modestly. She has a modest home with negative equity and a mortgage payment that is barely (if any) more than a basic, safe apartment lease payment would be, she scheduled only $250.00 per month in food expenses, $50.00 in clothing including work clothes, and no car payment. In fact, had the debtor purchased a new vehicle prior to filing the case, she would likely have had no presumption of abuse arise. Her vehicle has in excess of 161,000 miles and it is unlikely that this will last during the 60-month span of a Chapter 13 case, which would make it impossible to complete any appreciable distribution to unsecured creditors as part of a Chapter 13.

## Student Loan Payment

8. Debtor's balance on her student loan is approximately $15,937.16 at the filing of her Petition. Her monthly payment of $140.92 will not pay the loan off during the next 60 months. The loan is non-dischargeable under current law. As a result, the Debtor has no reasonable alternative to paying the student loan. There is nothing within the Debtor's power to reduce or otherwise avoid paying the costs of her student loan. Further, the student loan debt reduces Debtor's ability to pay her other debts by the amount of the student loan payment. The existence of this debt is a distinct, particular, additional, and extra factor which should be considered a special circumstance and entitle Debtor to an expense adjustment in the amount of the payment. *See In Re Martin 371 B.R. 347.*

## 401k Contribution

9. Debtor contributes approximately $342.16 per month to her ERISA qualified retirement plan. Debtor has contributed such sums for a long period and has not increased her contribution in contemplation of filing her case. Debtor is a single person without any appreciable assets other than her retirement plan. Eliminating her 401k contribution would negate one of the main goals of a bankruptcy filing, which is to allow a debtor a fresh start. Congress as well as the NC legislature has recognized the special circumstances and importance of preserving a debtor's qualified retirement savings despite filing for bankruptcy by creating special exemptions therefore. It is in keeping with the overall goals of the Bankruptcy Code to allow the Debtor to take an expense adjustment for her reasonable qualified retirement contribution and the amount Debtor contributes is reasonable.

10. Alternatively, it is established by caselaw and set forth clearly in the Bankruptcy Code that Debtor's retirement contribution would be a deduction from her DMI in a Chapter 13 case. If the court does not allow Debtor's 401k contribution as a special circumstance reduction, then the Court may convert this case to a Chapter 13 under 11 U.S.C. § 707(b)(1). Such conversion would then result in a $0.00 payment to unsecured

nonpriority creditors.  Several courts have held that it would be absurd to require a debtor to go through the administrative expense of a Chapter 13 in the event that payment to unsecured nonpriority creditors is zero.  *See In Re Mravik 399 B.R. 202 and In Re Skvorecz 369 B.R. 638.*

## Totality Of The Circumstances

11.  Whether a case should be dismissed under § 707(b)(3) requires a number of considerations including whether the petition was filed in bad faith and the overall financial circumstances of the debtor.  Ms. Siler's expenses are modest as listed above.  There is no indication of bad faith.  Again, under a Chapter 13 her retirement contributions are excludable from DMI.  Since Congress has specifically included the deduction from DMI, it cannot be abuse for a debtor to decline to contribute funds to the plan that Congress allows the Debtor to keep.  *In Re Mravik, Supra, 211.*

WHEREFORE, the Debtor prays the Court to deny the Bankruptcy Administrator's Motion and for other such relief as appears just and proper.

This is the 26th day of January, 2010.

/s/ Chris Karrenstein
Chris Karrenstein
N.C. Bar No.: 23826
2133 Commonwealth Avenue
Charlotte, NC 28205
(704) 364-6464

ATTORNEY FOR DEBTOR